Matthew I. Knepper, Esq.
Nevada Bar No. 12796
Miles N. Clark, Esq.
Nevada Bar No. 13848
KNEPPER & CLARK LLC
10040 W. Cheyenne Ave., Suite 170-109
Las Vegas, NV 89129
Phone: (702) 825-6060
FAX: (702) 447-8048
Email: matthew.knepper@knepperclark.com
Email: miles.clark@knepperclark.com

David H. Krieger, Esq.
Nevada Bar No. 9086
HAINES & KRIEGER, LLC
8985 S. Eastern Ave., Suite 350
Henderson, NV 89123
Phone: (702) 880-5554
FAX: (702) 385-5518
Email: dkrieger@hainesandkrieger.com

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| DAVID A. BELL, GAIL P. BELL, and others similarly situated,<br><br>                    Plaintiff,<br>v.<br><br>SELECT PORTFOLIO SERVICING, INC,<br><br>                    Defendant. | Civil Action No.:<br><br>**CLASS ACTION COMPLAINT PURSUANT TO THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681, ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

## JURISDICTION AND VENUE

1. This Court has federal question jurisdiction over this matter because the claims of Plaintiffs David Bell ("Mr. Bell") and Gail Bell ("Ms. Bell") (collectively "Plaintiffs") arise from violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. ("FCRA"), which is a law of the United States.

1

2. Under 28 U.S.C. § 1391, venue is proper in the District of Nevada because many of the acts giving rise to this action occurred in this District, Defendant Select Portfolio Servicing, Inc. ("Defendant" or "SPS") conducts business in this District, and has intentionally availed itself of the laws and markets within this District.

## PARTIES

3. Plaintiffs are and was at all times relevant to this matter have been residents of the state of Nevada, residing in Las Vegas, Clark County, Nevada. At all relevant times, Plaintiffs were individuals residing in the state of Nevada. Plaintiffs and all similarly situated individuals (the "Class") are consumers as that term is defined by the FCRA, 15 U.S.C. § 1681a(c).

4. Defendant is a foreign corporation doing business in the state of Nevada. Defendant is a "person" for purposes of 15 U.S.C. § 1681a(b).

## NATURE OF ACTION

5. Plaintiffs bring this action for damages and other equitable and legal remedies resulting from Defendant's illegal conduct in negligently and/or willfully accessing Plaintiffs' and the putative Class members' consumer reports without a statutorily permissible purpose in violation of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq*. ("FCRA").

## THE FAIR CREDIT REPORTING ACT, 15 U.S.C. §§ 1681, *et seq*.

6. The FCRA was enacted in 1970 to promote the accuracy, fairness, and *privacy* of consumer credit information contained in the files of consumer reporting agencies.

7. Section 15 U.S.C. § 1681b(f) prohibits the use and obtaining of consumer reports "for any purpose unless (1) the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section; and (2) the purpose is

certified in accordance with section 1681e of this title by a prospective user of the report through a general or specific certification."

8. The FCRA established specific rules placing limitations upon an entity or person seeking to access a consumer credit report, including:

> **(f) Certain use or obtaining of information prohibited. -** A person shall not use or obtain a consumer report for any purpose unless –
> (1) the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section; and
> (2) the purpose is certified in accordance with section 1681e of this title by a prospective user of the report through a general or specific certification.

*See* 15 U.S.C. §1681b(f).

Section1681b(a)(3) of the Fair Credit Reporting Act lists the all-inclusive purposes for which a consumer report can be obtained, as follows:

> **(a) In General.** - * * * [A] consumer reporting agency may furnish a consumer report under the following circumstances and no other:
>
> * * *
>
> **(3)** To a person which it has reason to believe –
>
>> **(A)** intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer; or
>>
>> * * *
>>
>> **(F)** otherwise has a legitimate business need for the information -
>>
>>> **(i)** in connection with a business transaction that is initiated by the consumer; or
>>>
>>> **(ii)** to review an account to determine whether the consumer continues to meet the terms of the account.

9. Defendants accessed Plaintiff's consumer reports (and on information and belief, numerous others) from credit reporting agencies without a permissible purpose violating 15 U.S.C. § 1681b(f).

3

## FACTUAL ALLEGATIONS

10. On July 25, 2011, Plaintiffs filed for Chapter 13 bankruptcy, Case No. 11-21585-LBR (the "Chapter 13 Bankruptcy"). On Schedule D of their voluntary petition, Plaintiffs listed a mortgage in favor JPMorgan Chase Bank, N.A. secured by the residence at 2809 Aspen Club Ave., N. Las Vegas, NV 89081 ("SPS Mortgage Account").

11. On August 28, 2014, the Defendant filed a notice in the Chapter 13 Bankruptcy that it was assigned servicing rights under the SPS Mortgage Account.

12. On February 19, 2016, the bankruptcy court confirmed Plaintiffs' plan of reorganization pursuant to which they surrendered the Aspen Club property.

13. On October 31, 2016, Plaintiffs received their Chapter 13 bankruptcy discharge, which included a discharge of the SPS Mortgage Account debt.

14. As a consequence of their bankruptcy discharge, Plaintiffs no longer had any account relationship with Defendant.

15. On May 22, 2017, Ms. Bell acquired her consumer disclosure from Equifax. Thereon, Equifax listed her Chapter 13 Bankruptcy as "Discharged."

16. The Equifax disclosure to Ms. Bell also contained a list of inquiries made on her file. These included an "A[ccount] R[eview]-Cbcinnovis:: SELECT PORTFOLIO" inquiry on March 9, 2017, after the date of Plaintiff's Chapter 13 Bankruptcy discharge.

17. On October 25, 2017, Mr. Bell acquired his consumer disclosure from Equifax. Thereon, Equifax listed his Chapter 13 Bankruptcy as "Discharged." The Equifax disclosure to Mr. Bell also contained a list of inquiries made on Plaintiffs' respective files. These included an "A[ccount] R[eview]-Cbcinnovis: SELECT PORTFOLIO" inquiry on March 9, 2017, after the date of Plaintiff's Chapter 13 Bankruptcy discharge.

18. On May 23, 2017, Plaintiffs acquired their respective consumer disclosures from Trans Union. Both disclosures indicated that Plaintiffs had been discharged pursuant to the Chapter 13 bankruptcy. Both disclosures also contained a list of inquiries made on Plaintiffs' respective files. These included "SELECT PERTFOLIO SER VIA CBCINNSELECT PORTFOLIO" for the "Permissible Purpose: TO ACQUIRE/SERVICE/INSURE ACCOUNT[,]" and that Defendant initiated one set of these inquires on March 9, 2017.

19. On May 22, 2017, Ms. Bell acquired her consumer disclosure from Experian. Her Experian disclosure indicated that she received her Chapter 13 discharge in October 2016. It also contained a list of inquiries made on her file. These included a "CBC/SELECT PORTFOLIO SER" inquiry dated March 9, 2017 and a "SELECT PORTFOLIO SERVICING" inquiry dated February 15, 2017.

20. Because Defendant had no business relationship with Plaintiffs after October 31, 2016, it did not have a permissible purpose to access their consumer reports on the dates identified above under any of 15 U.S.C. § 1681b's provisions.

21. Defendant's procuring of Plaintiffs private credit information violated their statutory rights to privacy because they were deprived of the opportunity to "meaningfully authorize" the disclosures which have been made to third parties.[1]

22. Courts of Appeal recognize that "unauthorized *disclosures* of information' have long been seen as injurious," and that "with the passage of the FCRA, Congress established

---

[1] *See, e.g.*, *Syed v. M-I LLC*, 846 F.3d 1034 (9th Cir. 2017), *as amended*, 853 F.3d 492 (9th Cir. 2017), *cert. denied*, 2017 WL 2671483 (U.S. Nov. 13, 2017). *See also Toldi v. Hyundai Capital America*, No. 16-cv-1877-APG-GWF, 2017 WL 736882, at *2 (D. Nev. Feb. 23, 2017) (noting that, in context of suit brought under the Telephone Consumer Protection Act, "when a person must endure the bother of unwanted calls in the privacy of her home, her harm is similar to other traditional injuries the courts have long recognized, such as invasion of privacy and nuisance.").

that the unauthorized dissemination of personal information by a credit reporting agency causes an injury in and of itself – whether or not the disclosure of that information increased the risk of identity theft or some other future harm."[2]

23. In *In re Ocwen Loan Servicing LLC Litig.*, a this Court applied the reasoning of *Syed* to conclude that "The FCRA is clear that account review inquiries are permissible to determine whether the consumer *continues* to meet the terms of the account," and that "[t]he operative word in this provision is 'continues,' which indicates Congress recognized that once an individual terminated her relationship with a lender it was no longer permissible for the lender to access the account (precisely because the lender would have no reason for doing so)."[3]

24. The *In re Ocwen* court further noted that "Congress recognized the harm that results to consumers when they do not give consent to purported credit pulls, even when the reason for the pull is permissible under the statute."[4] Thus, by procuring Plaintiff's consumer report without a permissible purpose, Defendant subjects each consumer to a concrete informational injury.

25. Data furnishers who obtain a consumer's account for purposes of "account review" when they have no ongoing account relationship with the consumer also willfully violate the FCRA because these data furnishers know whether or not they have any such relationship

---

[2] *In re Horizon Healthcare Services Inc. Data Breach Litig.*, 846 F.3d 625, 639-640 (3d Cir. 2017) (emphasis in original).
[3] 240 F. Supp. 3d 1070, 1076 (D. Nev. 2017); *see also Rodriguez v. Your First Choice, LLC*, No. 16-cv-2447-APG-CWH, 2017 WL 4855406, at *5 (D. Nev. Oct, 25, 2017); *Smith v. One Nevada Credit Union*, No. 16-cv-2156-GMN-NJK, 2017 WL 2803169, at *3 (D. Nev. June 27, 2017).
[4] *In re Ocwen*, 240 F. Supp. 3d at 1076.

with that consumer. Such violations of Section 1681b(f) violate a consumer's reasonable expectation of privacy, resulting in a concrete informational injury.[5]

26. Defendant's accessing Plaintiffs' consumer reports was not in accord with any of the permissible purposes set forth in FCRA, 15 U.S.C. §§ 1681, *et seq*. Thus, Defendant violated 15 U.S.C. § 1681b(f).

27. Defendant's violations of the FCRA were willful, because it knew by consequence of Plaintiff's bankruptcy discharge that any account relationship it had with Plaintiff had terminated. Thus, Plaintiff is entitled to an award of statutory damages and attorney's fees and costs. 15 U.S.C. § 1681n.

28. For the same reasons, Defendant's conduct was also negligent, and its conduct has caused Plaintiffs to suffer actual damages. Specifically, Plaintiffs suffered informational injury in that SPS violated their right to privacy, and lost that benefit otherwise conferred on them by Congress.

29. Plaintiffs also incurred expenses in the form of lost time and transportation costs in responding to Defendant's violation of their statutorily protected privacy rights. They were also obligated to retain the services of an attorney to remedy Defendant's unlawful conduct. 15 U.S.C. § 1681o.

## CLASS ACTION ALLEGATIONS

30. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

31. Plaintiffs bring this action on behalf of themselves and on behalf of all others similarly situated, i.e., the Class.

---

[5] Data furnishers who obtain a consumer report under false pretenses are also liable when their violation is willful. 15 U.S.C. § 1681q; *Hansen v. Morgan*, 582 F.2d 1214, 1220 (9th Cir. 1978).

32. Plaintiffs represent, and are members of the Class, consisting of:

    Any person in the United States who filed a bankruptcy and received a discharge of his or her personal liability on the mortgage loan serviced by the Defendant and thereafter Defendant obtained his or her consumer report beginning on March 14, 2016 and continuing through the date of class certification in this matter.

33. The class excludes any person who falls within the definition if the person is (i) an employee or independent contractor of the Defendant; (ii) a relative of an employee or independent contractor of the Defendant; or (iii) an employee of the Court where this action is pending. This definition may be amended or modified. Plaintiffs do not know the number of members in the Class, but believe the Class members number in the hundreds, if not more.  Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

34. Plaintiffs and members of the Class were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through its agents, violated 15 U.S.C. § 1681b(f) when it accessed Plaintiffs' and the Class members' consumer reports at a time Defendant did not have an ongoing right to receive payments from either Plaintiff or any member of the Class, and did not otherwise have a permissible purpose to access that consumer report.

35. Plaintiffs and Class members suffered concrete informational injuries because they had Congressionally protected privacy interests, which Defendant violated by accessing their personal information without a permissible purpose.

36. This class allegation seeks recovery of statutory and punitive damages on behalf of the Class, any relief the Court deems appropriate under Federal Rule of Civil Procedure 23(b)(2), and reasonable attorney's fees and costs.  Plaintiff expressly does not intend to request any recovery for personal injury and claims related thereto.  Plaintiff reserves the

right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

37. The particular members of the Class are capable of being ascertained without difficult managerial or administrative problems. The members of the Class are readily identifiable from the information and records in the possession, custody or control of Defendant and the records of the consumer reporting agencies since they charge Defendant for each credit pull made by the Defendant and for each credit score obtained by the Defendant.

38. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The members of the Class can be identified through Defendant's records or Defendant's agents' records.

39. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

   a. Whether, within the Class period, beginning on March 14, 2016, Defendant or its agents obtained or pulled information about Plaintiffs and the Class members from a consumer reporting agency;

   b. Whether Defendant had any permissible purpose to obtain Plaintiffs' or the Class members' private credit information;

   c. Whether Defendant acted willfully, as that term has been defined in and interpreted under the FCRA, when it pulled or obtained the private information about the Plaintiff or other members of the Class;

    d. The amount of statutory damages to be assessed against Defendant; and

    e. Whether an award of punitive damages against Defendant is appropriate.

40. Plaintiffs are typical of Class members in that they suffered the same violations of privacy and informational injuries resulting from Defendant's impermissible pulls of their consumer reports.

41. There is nothing unusual about the Plaintiffs that would constitute material differences between their claims and the claims of the members of the class.

42. Defendant's likely defenses (though unavailing) are and will be typical of and the same or identical for each of the Class Members and will be based on the same legal and factual theories. There are no valid, unique defenses.

43. Plaintiffs will fairly and adequately represent and protect the interests of the Class in that they have no interests antagonistic to any member of the Class.

44. Plaintiff and the members of the Class have all suffered irreparable harm as a result of Defendant's unlawful and wrongful conduct; namely they each lost their Congressionally guaranteed right to privacy under 15 U.S.C. § 1681b.[6] As a result, all Class members have lost a benefit conferred on them by Congress, which can never be recovered. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. These actions will likely cause systematic deficiencies and continue to cause consumers to suffer concrete informational harms.

/ / /

---

[6] *See, e.g.*, *Syed v. M-I LLC*, 846 F.3d 1034 (9th Cir. 2017), *as amended*, 853 F.3d 492 (9th Cir. 2017);

*Certification Under Fed. R. Civ. P. 23(b)(2) and (b)(3)*

45. The Defendants have acted on grounds that apply uniformly across the Class, so that the statutory relief afforded pursuant to 15 U.S.C. § 1681n is appropriate respecting the Class as a whole. Further, the common questions predominate over any individual questions and a class action is superior for the fair and efficient adjudication of this controversy. A class action will cause an orderly and expeditious administration of Class members' claims, and economies of time, effort, and expenses will be fostered and uniformity of decisions will be ensured..

46. Plaintiffs retained counsel experienced in handling class action claims and claims involving violations of the FCRA.

47. There are no individual questions to establish the claims of the Plaintiffs and the Class Members. All claims are based on the failure of the Defendant to have a permissible purpose to pull or obtain the private information of the Plaintiffs and Class members.

48. Plaintiffs' claims are typical of the claims of the Class members.

49. The Class members have suffered damages, losses, and harm identical to or substantially similar to those sustained by the named Plaintiffs. This includes the invasion of their privacy. The class seeks the statutory damages allowed by the FCRA and to any punitive damages that may be awarded to compensate them for their concrete injuries.

50. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal law. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an

individual action for FCRA violations are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

## CAUSE OF ACTION

### Violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681b(f)

51. Plaintiffs and the Class members incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

52. The foregoing acts and omissions constitute numerous and multiple willful or reckless violations of the FCRA, including but not limited to each and every one of the above-cited provisions of the FCRA, 15 U.S.C. § 1681 *et seq.*, including but not limited to 15 U.S.C. §§ 1681b.

53. As a result of each and every willful violation of the FCRA, Plaintiffs and Class members are entitled to statutory damages pursuant to 15 U.S.C. § 1681n(a)(1); punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from Defendant.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs and the Class respectfully request that the Court grant Plaintiffs the following relief against Defendants:

   A.   An award of statutory damages;

   B.   An award of actual damages;

   C.   An award of punitive damages;

   D.   An award of attorneys' fees and reasonable costs to Plaintiff's counsel; and

   E.   Any additional relief that the Court deems just and proper.

/ / /

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all counts triable by jury.

Dated: March 14, 2018.

        Respectfully submitted,

        */s/ David H. Krieger, Esq.*
        David H. Krieger, Esq.
        HAINES & KRIEGER, LLC
        8985 S. Eastern Avenue, Suite 350
        Henderson, Nevada 89123

        Matthew I. Knepper, Esq.
        Miles N. Clark, Esq.
        KNEPPER & CLARK LLC
        10040 W. Cheyenne Ave., Ste. 170-109
        Las Vegas, NV 89129

        Attorneys for Plaintiff